# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHEIRN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Gerald Perkins | : | |
| 1523 E. Blake Ave. | : | |
| Columbus, Ohio 43211 | : | |
| | : | |
| And | : | |
| | : | |
| Richard Preston | : | CASE NO. 2:18-cv-54 |
| 1062 Robmeyer Dr. | : | |
| Columbus, Ohio 43207 | : | |
| | : | |
| And | : | JUDGE: |
| | : | |
| Nehemyah Khari | : | |
| 314 Treemoss Circle | : | MAGISTRATE |
| Pickerington, Ohio 43147 | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| American Spotting Company of Ohio, Inc. | : | **COMPLAINT WITH JURY** |
| 10009 Office Center Ave. Suite 200 | : | **DEMAND ENDORSED THEIREIN** |
| St. Louis, MO 63128 | : | |
| | : | |
| Defendant. | : | |

Plaintiffs Gerald Perkins, Richard Preston, and Nehemyah Khari bring this action individually and as putative representatives for a collective action under Section 16 of the Fair Labor Standards Act, 29 U.S.C. § 216, and for a class action under Fed. R. Civ. P. 23.

Plaintiffs, on behalf of themselves in their individual claims, and on behalf of themselves and other employees who are "similarly situated," brings this action for unpaid overtime compensation, and for damages arising out of other wage and hour violations. In addition to collective claims under the Fair Labor Standards Act, Plaintiffs assert claims under Ohio's

minimum wage and overtime laws, ORC §4111 et seq. and Ohio's Prompt Pay Act, ORC §4113.15. Plaintiffs also assert individual claims, including retaliation in violation of the Fair Labor Standards Act, and race discrimination in violation of Ohio Revised Code §4112 et seq.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§1331, 1332, and/or 1337 and 29 U.S.C. §216(b)

2. This Court has supplemental jurisdiction over Plaintiffs' claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

3. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred there.

## PARTIES

4. Plaintiffs are citizens of the United States and residents of Franklin County, Ohio.

5. Plaintiffs Perkins and Preston are employed by Defendant as Truck Spotters/Yard Drivers.

6. Plaintiff Khari was employed by Defendant as a Truck Spotter/Yard Driver.

7. Spotters are drivers responsible for moving truck trailers on or about Defendant's customers' premises, either within the yard or between the loading docks and the yard so as to maximize space and maintain organization of the yard.

8. Plaintiffs are/were hourly employees.

9. Defendant American Spotting Company of Ohio, Inc. (hereinafter "Company") is a Missouri Corporation licensed and registered to do business in the State of Ohio as a foreign corporation.

10. Defendant Company is in the business of providing spotting services to various customers throughout the United States.

11. Plaintiffs are/were assigned to work for Defendant at the Anheuser Busch Brewery in Columbus, Ohio.

12. Defendant is an employer as that term is defined by the FLSA, 29 U.S.C. §203(d), O.R.C. Chapters 4111, 4112, and the Ohio Constitution Art. 2 §34a.

## FACTS

13. Plaintiff Perkins was first employed by Defendant in September 2013.

14. Perkins left Defendant in October 2016 and was rehired on January 7, 2017.

15. Plaintiff Preston has been employed by Defendant since 2017.

16. Plaintiff Khari worked for Defendant from September 5, 17 until September 25, 17.

17. During their employment with Defendants, Plaintiffs, and similarly situated members of the putative class, have worked as spotters/yard drivers.

18. At all relevant times herein, Plaintiffs and similarly situated members of the putative class were W2 employees of Defendants and worked in non-exempt, hourly positions.

19. During their employment with Defendants, Plaintiffs, and similarly situated members of the putative class, have regularly worked 40 or more hours per week.

20. Plaintiffs, and similarly situated members of the putative class, have been paid their regular hourly rate of pay for some, but not all, hours worked.

21. Plaintiffs, and similarly situated members of the putative class, have been paid one and one-half times their regular hourly rate of pay for some, but not all, hours worked in excess of 40 hours per work week.

22. Throughout Plaintiffs' employment Defendant has routinely and unlawfully edited their timesheets, and the timesheets of similarly situated members of the putative class, to reduce the number of hours paid.

23. Plaintiffs and similarly situated members of the putative class clock in and clock out for their shifts using a tablet device hung on the wall at the facility where they work.

24. Each Plaintiff and similarly situated members of the putative class are assigned a user name and password to use for clocking in and clocking out.

25. Plaintiffs clock in and immediately begin working at the request of Defendant.

26. Plaintiffs clock out when they are done working at the request of Defendant.

27. Plaintiffs' supervisor and/or some other member of Defendant's team, routinely and arbitrarily changes Plaintiffs' time, and the time of other members of the putative class.

28. By way of example, sometimes Plaintiffs' "clock in" time is moved up. For example, if Plaintiffs appear for work and begin working at 6:45 a.m. their start time is arbitrarily changed to 7:00 a.m.

29. By way of example, sometimes Plaintiffs' "clock out" time is moved back. For example if Plaintiffs work over their scheduled shift, staying until 6:25 p.m., their time is moved back to 6:00 p.m.

30. At all times relevant herein, it has been Defendant's policy to arbitrarily shave time from the timesheets of Plaintiffs, and similarly situated members of the putative class.

31. Defendant's policy is to pay Plaintiffs, and similarly situated members of the putative class, less than the amount due for all hours worked.

32. At all relevant times to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

33. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

34. During relevant times, Defendants suffered and permitted Plaintiffs, and similarly situated members of the putative class, to work outside their normal shift, both clocking in early and staying late, while not compensating them for all such hours worked.

35. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

36. During relevant times herein, Defendant had knowledge of and acted willfully in regard to their conduct described herein.

37. Defendant is in possession and control of necessary documents and information from which Plaintiffs, and similarly situated members of the putative class, would be able to precisely calculate damages, or, in the alternative, Defendant otherwise failed to keep the required records.

38. By the conduct described in this Complaint, Defendant has violated the FLSA by failing to pay its employees, including Plaintiffs, and similarly situated members of the putative class, wages they have earned and to which they are entitled by law.

39. During the weeks of 9/11/17 and 9/18/17, Plaintiff Khari complained to Defendant's corporate office that his time entries were being changed from the actual time her worked.

40. Defendant's corporate human resource department explained that Defendant was not going to pay for any time before or after his scheduled shift if the time was not approved by his supervisor Mr. Ramos.

41. Plaintiff explained that Mr. Ramos frequently asked him to start early and/or stay late.

42. Defendant's HR department told Khari that the practice of editing his time was "legal."

43. On September 25, 2017 Plaintiff Khari was terminated because he did not "pass his probationary period."

## CLASS ALLEGATIONS

44. The Named Plaintiffs brings this FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

    All current and former employees of Defendant who have worked as spotters and/or yard drivers who, in the previous three (3) years, clocked in and out pursuant to company policy but whose timesheets were edited to reduce the number of hours for which the Class Members were paid, (the "216(b) Class" or the "216(b) Class Members").

45. Examples of employees that may be members of the 216(b) Class include, but may not be limited to, spotters and/or yard drivers working at locations in Ohio and throughout the United States.

46. The 216(b) Class Members are not exempt from the FLSA minimum wage and overtime regulations.

47. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiffs,

numerous putative 216(b) Class Members have been denied proper compensation due to Defendant's company-wide payroll policies and practices. The Named Plaintiffs are representative of those other similarly situated employees and is acting on behalf of their interests as well as their own in bringing this action.

48. The identities of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

49. The Named Plaintiffs brings their Ohio Minimum Fair Wage Standards Act ("MFWSA") claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class: All current and former employees of Defendant who have worked as spotters and/or yard drivers who, in the previous three (3) years, clocked in and out pursuant to company policy but whose timesheets were edited to reduce the number of hours for which the Class Members were paid (the "Rule 23 Class" or the "Rule 23 Class Members").

50. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

51. The Plaintiffs are members of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

52. The Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

53. The Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

54. The Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

55. Questions of law and fact are common to the Rule 23 Class.

56. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Rule 23Class as a whole.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

59. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated Chapter 4111 by failing to pay the Rule 23 Class for all hours worked; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendant's violations of the Chapter 4111 were knowing and willful; (e) what amount of unpaid and/or withheld

compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Rule 23 Class on account of Defendant's violations of Chapter 4111; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

60. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT I
## FLSA COLLECTIVE ACTION
## FOR UNPAID WAGES

61. All of the preceding paragraphs are re-alleged as if fully rewritten herein.

62. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the 216(b) Class.

63. The FLSA requires that every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce a minimum wage for all hours worked.

64. The Named Plaintiffs and other members of the 216(b) Class should have been paid minimum wage for all hours worked.

65. Defendant did not pay the required minimum wage to compensate the Named Plaintiffs and 216(b) Class for all hours worked.

66. Instead, Defendant edited the time records of the Named Plaintiffs and members of the Class, to reduce the number of hours for which they were/are paid.

67. By engaging in this practice, Defendant knowingly and willfully violated and continue to violate the FLSA and regulations, including recordkeeping regulations, thereunder that have the force of law.

68. As a result of Defendant's violations of the FLSA, Plaintiffs and other members of the 216(b) Class were/are injured in that they did not/do not receive wages due to the them pursuant to the FLSA

69. 29 U.S.C. §216(b) entitles them to an award of unpaid compensation as well as "an additional equal amount as liquidated damages."  29 U.S.C. §216(b) further provides that the "court…shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action."

70. As a result of Defendant's willful violation of the FLSA, Plaintiffs, and those similarly situated to them are entitled to liquidated damages.

### COUNT II
### FLSA COLLECTIVE ACTION
### FOR UNPAID OVERTIME

71. All of the preceding paragraphs are re-alleged as if fully rewritten herein.

72. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

73. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiffs and the 216(b) Class Members.

74. Defendant arbitrarily edited the timesheets of the Named Plaintiffs and the 216(b) Class Members thereby denying them overtime wages for hours worked in excess of forty hours per workweek.

75. Defendant's policy is to not pay Plaintiffs for work time outside their normal schedule unless it is pre-approved.

76. Defendants regularly required Plaintiffs and other Spotters/yard drivers to work more than forty (40) hours per week for which they were not properly compensated.

77. Defendant violated the FLSA with respect to Named Plaintiffs and the 216(b) Class by, *inter alia*, failing to compensate them at time and one-half times their regular rates for all hours worked over forty (40) hours in a workweek.

78. The Named Plaintiffs and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

79. Defendant knows that the FLSA requires overtime payment for all hours worked in excess of forty (40) hours per week.

80. Defendant has willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the 216(b) Class Members are entitled

81. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay the Named Plaintiffs and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

82. As a direct and proximate result of Defendant's conduct, the Named Plaintiffs and the 216(b) Class Members have suffered and continue to suffer damages.

83. The Named Plaintiffs seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

## COUNT III
## ORC §4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

84. All of the preceding paragraphs are re-alleged as if fully rewritten theirein.

85. This claim is brought under Ohio Law.

86. The Named Plaintiffs and the Rule 23 Class Members have been jointly employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio Law.

87. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

88. While employed by Defendant, the Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. §4111.03, but were not paid overtime wages for all such hours spent working.

89. Defendant's policy not to pay Plaintiffs for work time outside their normal schedule unless it is pre-approved resulted in unpaid overtime.

90. The Named Plaintiffs and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

91. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiffs violated O.R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

92. For Defendant's violations of O.R.C. §4111.03, by which the Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages, the Named Plaintiffs seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

## COUNT IV
## MINIMUM WAGE AND RECORDKEEPING VIOLATIONS
## IN VIOLATION OF THE OHIO CONSTITUTION

93. All of the preceding paragraphs are re-alleged as if fully rewritten herein.

94. At all times relevant, Defendant was an employer required to comply with the ohio Constitution Article II Section 34a.

95. Ohio law requires that every employer pay to each of his employees a minimum wage for all hours worked.

96. Plaintiffs and other members of the putative class should have been paid minimum wage for all hours worked, but were not.

97. Instead, Defendant unlawfully edited the timesheets of the Named Plaintiffs and other members of the putative class such that they received no compensation for some of the hours that they worked.

98. As a result of Defendant's violations of Ohio law, Plaintiffs and other members of the putative class are/were injured in that they did not receive wages due to them.

99. Plaintiffs are entitled to compensation including unpaid wages, treble damages, and attorney's fees.

## COUNT V
## O.R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

100. All of the preceding paragraphs are re-alleged as if fully rewritten herein.

101. During relevant times, Defendant was an entity covered by the OPPA; and the Named Plaintiffs were employed by Defendant within the meaning of the OPPA.

102. The OPPA requires Defendant to pay Named Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

103. During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

104. The Named Plaintiffs and the Rule 23 Class Members have unpaid wages which have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

105. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT VI
## RETALIATION (WRONGFUL DISCHARGE)
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AS TO NEHEMYAH KHARI

106. All of the preceding paragraphs are re-alleged as if fully rewritten herein.

107. Plaintiff Khari complained to Defendant's HR department about edits to his time sheet which reduced the amount of hours he was paid for.

108. Defendant was aware of these complaints and informed Plaintiff that editing his time was "legal" because he was not going to be paid for any hours outside of his scheduled shift unless they were approved by his supervisor.

109. Thereafter, Plaintiff Khari was terminated under the pretext that he did not "pass" his probationary period.

110. There was a causal connection between Plaintiff Khar's protected activity and his termination.

111. Plaintiff Khari was not paid for all hours he worked.

112. Defendant willfully terminated Plaintiff Khari because he complained about Defendant's unlawful edits to his timesheets and failure to pay his wages.

113. Plaintiff Khari has been damaged by the retaliatory termination of his employment such that he is entitled to damages therefore, including back pay, front pay, liquidated damages and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs requests judgment against Defendants, jointly and individually, for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendant, at its own expense, to investigate and account for the number of hours actually worked by Named Plaintiffs and the putative class and collective members per week, and if Defendant failed to keep accurate records in accordance with Ohio Law, Named Plaintiffs, the 216(b) Collective Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Named Plaintiffs and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiffs, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses.

H. Awarding Named Plaintiffs, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA, FMLSA, and Ohio Law;

J. Awarding Plaintiff Khari back pay, front pay damages and liquidated damages arising from the unlawful retaliatory discharge of his employment;

K. Granting the Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

                                                    Respectfully Submitted,

                                                    */s/Sharon Cason-Adams*
                                                    Sharon Cason-Adams (0067550)
                                                    Sharon@adamsliming.com
                                                    Adams & Liming, L.L.C.
                                                    Rivers Edge Corporate Center
                                                    1335 Dublin Road, Suite 104D
                                                    Columbus, Ohio 43215
                                                    (614) 488-2053-Telephone
                                                    (614) 488-2069-Facsimile

## **JURY DEMAND**

Plaintiffs thereby demands trial by jury on all issues triable before a jury.

                                                  */s/Sharon Cason-Adams*_____
                                                  SHARON CASON-ADAMS (0067550)